[L. A. No. 4081.   Department Two.—December 13, 1917.]

## AB. HOROWITZ, Appellant, v. J. H. SPEESE, Respondent.

LEASE—REFUSAL OF POSSESSION BY LANDLORD—JUDGMENT IN FORMER
ACTION — RES JUDICATA.—In an action by lessee against lessor
for damages for refusal to give possession of premises under a five-
year lease from September 1, 1912, a judgment in a previous action
between the same parties, in which the plaintiff had claimed that
he had been ousted in October, 1912, but it was adjudged that he
was not entitled to possession, was properly received in evidence,
and such former judgment not having been set aside and no appeal
therefrom having been taken, it was a final determination of plain-
tiff's rights under the lease.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

M. O. Graves, for Appellant.

G. F. McCulloch, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—By the terms of a lease in
the usual form defendant demised and let to plaintiff a cer-
tain building for the term of five years from September 1,

1912, at a monthly rental of $250, payable in advance, and containing a clause to the effect that in case of default in the making of such payments, or in complying with any of the covenants therein contained, the lessor might re-enter and remove all persons therefrom.

The action is by the lessee to recover damage for the breach of the lease, plaintiff claiming that defendant refused to give him possession of the property and leased it to another.

A jury trial was had resulting in a verdict of one dollar in favor of plaintiff, for which judgment was entered. The appeal is from an order of the court denying plaintiff's motion for a new trial.

Appellant's chief claim for a reversal, and conceded to be the only error necessary to consider if said contention be not sustained, is that the court erred in admitting in evidence the judgment-roll in a former suit between the same parties wherein it was by the superior court on January 14, 1913, adjudged that defendant was entitled to possession of said leased premises, and in connection therewith, instructed the jury that plaintiff's right to the possession of the premises terminated on October 23, 1912, and that plaintiff's damage must be deemed limited to such as he sustained between said date and September 1st preceding. Reference to the judgment-roll so received in evidence discloses that the subject of said action was plaintiff's asserted right to possession of the premises in question under and by virtue of the lease here involved from which he alleged he had been ousted October 23, 1912. It was adjudged therein that defendant and not plaintiff was entitled to possession. This judgment, not set aside and from which no appeal was taken, upon well-settled principles of law, must be deemed a final determination of plaintiff's rights under the lease.

The theory upon which the court submitted to the jury the question of damages sustained by plaintiff for the period extending from September 1st, the date when under the terms of the lease he was to have possession, and October 23d, is that he did not have possession during all of said period, and if, notwithstanding evidence tending to show that he had refused to comply with the covenant as to payment of rent, the jury found that he was entitled to possession, it might fix the damage sustained by reason of such fact. In other words,

the right of plaintiff during such time was not involved in the former litigation.

The order is affirmed.

Melvin, J., and Henshaw, J., concurred.